# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW LEE MCCLINTON, | ) | 1:09-cv-01181-BAK-GSA HC |
| Petitioner, | ) ) | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) |
| v. | ) ) | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE FILE |
| HECTOR RIOS, | ) ) | |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On September 4, 2009, Petitioner filed his written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 6).

Petitioner filed the instant federal petition on July 8, 2009. (Doc. 1). The petition and alleges that Petitioner was convicted in 1998 in the United States District Court for the Northern District of Texas of, inter alia, using or carrying a firearm during a crime of violence, obstruction of commerce by robbery, and various counts of aiding and abetting, and was sentenced to a prison term of 612 months. (Doc. 1, p. 1). Petitioner's conviction and sentence were later affirmed by the United States Court of Appeals for the Fifth Circuit on October 28, 1009. (Doc. 1, p. 2). Petitioner's petition for writ of certiorari to the United States Supreme Court was either denied or rejected as insufficient in 2000. (Id.). Petitioner also alleges that he filed a motion to vacate or modify his sentence pursuant to 28 U.S.C. § 2255 in the Western District of Louisiana,

1 which subsequently transferred the petition to the trial court in the Northern District of Texas.
2 (Id. at p. 3). It appears that the § 2255 motion was denied in the trial court as time-barred. (Id. at
3 p. 7).
4      Petitioner now brings this habeas petition, purporting to challenge his conviction on the
5 grounds that insufficient evidence was presented at trial that Petitioner's conduct involved
6 interstate commerce. (Doc. 1, p. 6). Because the Court has determined that Petitioner's claim
7 challenges his original conviction and sentence, and therefore should have been brought in the
8 trial court as a motion pursuant to 28 U.S.C. § 2255, the Court will dismiss the petition.

## DISCUSSION

10      A federal court may not entertain an action over which it has no jurisdiction. Hernandez
11 v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). A federal prisoner who wishes to challenge the
12 validity or constitutionality of his conviction or sentence must do so by way of a motion to
13 vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d
14 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re
15 Dorsainvil, 119 F.3d 245, 249 (3rd 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th
16 Cir.1981). In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163.
17 A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a
18 writ of habeas corpus pursuant to 28 U.S.C. § 2241. Grady v. United States, 929 F.2d 468, 470
19 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th
20 Cir.1980).
21      In contrast, a federal prisoner challenging the manner, location, or conditions of that
22 sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.
23 Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175,
24 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United
25 States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79
26 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v.
27 United States, 610 F.2d 672, 677 (9th Cir. 1990).
28      Petitioner's allegation that insufficient evidence was presented at trial to support the

1 government's allegation of engagement in interstate commerce is an attack on Petitioner's
2 conviction and sentence.
3    Because Petitioner is in reality challenging his sentence, not its execution, he is precluded
4 from bringing such a collateral attack in a petition filed pursuant to § 2241. <u>Grady</u>, 929 F.2d at
5 470; <u>Tripati</u>, 843 F.2d at 1162. The proper vehicle for challenging such an alleged error is with
6 a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, not a habeas
7 corpus petition.
8    Nevertheless, a federal prisoner authorized to seek relief under § 2255 may seek relief
9 under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective
10 to test the validity of his detention." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir.2000);
11 <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (*quoting* § 2255). The Ninth Circuit has
12 recognized that this is a very narrow exception. <u>Id</u>; <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir.
13 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it
14 by motion to demonstrate that § 2255 is inadequate or ineffective); <u>Holland v. Pontesso</u>, 234 F.3d
15 1277 (9th Cir. 2000) (§ 2255 not inadequate or ineffective because Petitioner misses statute of
16 limitations); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is
17 insufficient to render § 2255 inadequate.); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000)
18 (same); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal
19 treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th
20 Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see United States v. Valdez-
21 Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be
22 circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner
23 to show that the remedy is inadequate or ineffective. <u>Redfield v. United States</u>, 315 F.2d 76, 83
24 (9th Cir. 1963).
25    In <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003), the Ninth Circuit held that the remedy
26 under a § 2255 motion would be "inadequate or ineffective" if a petitioner is actually innocent,
27 but procedurally barred from filing a second or successive motion under § 2255. <u>Ivy</u>, 328 F.3d at
28 1060-1061. That is, relief pursuant to § 2241 is available when the petitioner's claim satisfies

the following two-pronged test: "(1) [the petitioner is] factually innocent of the crime for which he has been convicted and, (2) [the petitioner] has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060.

"In determining whether a petitioner had an unobstructed procedural shot to pursue his claim, we ask whether petitioner's claim 'did not become available' until after a federal court decision." Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir. 2008), cert. denied __ U.S. __, 129 S.Ct. 254 (2008). "In other words, we consider: (1) whether the legal basis for petitioner's claim 'did not arise until after he had exhausted his direct appeal and first § 2255 motion;' and (2) whether the law changed 'in any way relevant' to petitioner's claim after that first § 2255 motion." Id., citing Ivy, 328 F.3d at 1060-1061.

Here, Ivy is dispositive of Petitioner's contention. In that case, petitioner, who was convicted in 1993 in Missouri district court of engaging in a continuing criminal enterprise, contended in a habeas corpus petition filed pursuant to § 2241 in the District of Arizona, where he was confined, that he was actually innocent because the indictment did not charge him with the requisite three offenses to sustain a conviction for a continuing criminal enterprise. Ivy, 328 F.3d at 1058. After an unsuccessful appeal, Ivy filed motions pursuant to § 2255 in 1995, 1997, and 1999. Id. The original motion was denied on its merits, while the second and third motions were denied as second and successive motions. Id. In 2000, Ivy filed his federal habeas petition in the Arizona district court. Id. The district court, however, dismissed the petition because Ivy had not shown that § 2255 was either inadequate or ineffective. Id.

In affirming the district court's dismissal, the Ninth Circuit employed the two-part test discussed above, i.e., that petitioner must show he is factually innocent of the crime for which he had been convicted and that he has never had an "unobstructed procedural shot" at presenting this claim. Id. at 1059. In explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is <u>presently</u> barred from raising his claim of innocence by motion under 2255. He *must never have had* the opportunity to raise it by motion.

Id. at 1060 (emphasis supplied). Applying that standard, the Ninth Circuit rejected Ivy's claims, holding that the law regarding continuing criminal enterprises had not changed subsequent to his

conviction and that he had indeed had an opportunity to raise such a claim in the past. Id. at 1061.

As mentioned, the burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield, 315 F.2d at 83. This Petitioner has failed to do. As in Ivy, Petitioner can not establish any relevant intervening change in the law since his conviction that would trigger the savings clause, nor has he established that he could not have raise these claims in his original appeal or, at the very least, in his first motion pursuant to § 2255.

Nor has Petitioner even alleged that he is actually innocent, much less presented any evidence to support such a conclusion. Indeed, Petitioner's contention is not that he is actually innocent, but that the prosecution failed to present sufficient evidence of guilt to support his conviction.

Moreover, the alleged impropriety of insufficient evidence of interfering with interstate commerce in the instant petition occurred at the time of the trial and subsequent appeal, and could thus have been raised at the very least in Petitioner's original motion pursuant to § 2255. Petitioner, therefore, cannot seriously contend that he has not had an unobstructed procedural shot at presenting these claims in the trial court.

Accordingly, he has failed to establish that § 2255 is either inadequate or ineffective for purposes of invoking the savings clause, and the fact that he may now be procedurally barred from obtaining relief does not alter that conclusion. Ivy, 328 F.3d 1059-1061 (§ 2255 not inadequate or ineffective because Petitioner misses statute of limitations); Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (same); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956); see United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651).

In sum, should Petitioner wish to pursue his claims in federal court, he must do so by way

of a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

**ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. The instant petition for writ of habeas corpus (Doc. 1), is DISMISSED for failure to state a claim upon which habeas relief may be granted: and,

2. The Clerk of the Court is DIRECTED to enter judgment and close thecase.

1. The petition for writ of habeas corpus (Doc. 1), is DISMISSED; and,

2. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated:   **September 30, 2009**                    /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] A petition for writ of habeas corpus pursuant to § 2255 *must be filed in the court where petitioner was originally sentenced*. In this case, Petitioner challenges a sentence adjudicated in the United States District Court for the Northern District of Texas. Thus, that court is the proper venue for filing a petition for writ of habeas corpus pursuant to § 2255.